SANDRA R. BROWN
Acting United States Attorney
DOROTHY A. SCHOUTEN
Assistant United States Attorney
Chief, Civil Division
INDIRA J. CAMERON-BANKS (CBN 248634)
Assistant United States Attorney
Chief, Financial Litigation Section
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2442
    Facsimile: (213) 894-7819
    E-mail: indira.j.cameron-banks@usdoj.gov

Attorneys for Federal Defendant
Betsy Davos, Secretary of Dept. of Education

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH DIEFFENBACHER,<br><br>    Plaintiff[s],<br><br>v.<br><br>BETSY DAVOS, in her official capacity as Secretary of the United States Department of Education<br><br>    Defendant. | No. CV 17-00342-VAP<br><br>Hearing Date:  June 5, 2017<br>Hearing Time:  2:00 p.m.<br>Ctrm:  8A<br>Hon.  Virginia A. Phillips |

1.    FEDERAL DEFENDANT'S NOTICE OF MOTION AND MOTION FOR VOLUNTARY REMAND;

2.    MEMORANDUM OF POINTS AND AUTHORITIES;

3.    DECLARATION OF MYRA TYLER

# NOTICE OF MOTION AND MOTION XXXXX

PLEASE TAKE NOTICE that, on **June 5, 2017, at 2:00p.m.** or as soon thereafter as they may be heard, Federal Defendant will, and hereby does, move the Court for an Order granting U.S. Department of Education's request for voluntary remand. This motion will be made in Courtroom 8A before the Honorable Virginia A. Phillips, United States District Judge, located at First Street Courthouse.

Federal Defendant, the U.S. Department of Education, has already undertaken review and reconsideration of the underlying final agency decision giving rise to this matter brought under the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.*, and consequently requests a voluntary remand of this matter to allow a reconsideration decision to be issued within 90 days of remand.

This motion is made upon this Notice, the attached Memorandum of Points and Authorities, the Declaration of Myra Tyler and all pleadings, records, and other documents on file with the Court in this action, and upon such oral argument as may be presented at the hearing of this motion.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which was began on April 20, 2017 and has continued thereafter

Dated: May 8, 2017

Respectfully submitted,

SANDRA R. BROWN
Acting United States Attorney
DOROTHY A. SCHOUTEN
Assistant United States Attorney
Chief, Civil Division

   /s/
INDIRA J. CAMERON-BANKS
Assistant United States Attorney

Attorneys for Federal Defendant

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Sarah Dieffenbacher ("Plaintiff") initiated this action for declaratory relief under the Administrative Procedures Act, 5 U.S.C. § 702, ("APA") for review of the United States Department of Education ("DOE") administrative wage garnishment decision rendered in connection with collection of Plaintiff's student loan debt. DOE is reconsidering its decision in order to render a one that comports with the applicable statutory and regulatory framework. Thus, DOE seeks a voluntarily remand of this matter, and is prepared to issue a reconsideration decision within 90 days of such remand. Accordingly, DOE requests an Order granting the voluntary remand of this matter, as doing so would serve the interests of efficiency and judicial economy.

## II. RELEVANT BACKGROUND

On January 30, 2017, the DOE issued a decision authorizing the garnishment of Plaintiff's wages in order to collect on a student loan debt. (Dkt 1, ¶ 63-64) On February 23, 2017, Plaintiff initiated this civil action for injunctive and declaratory relief in connection with the administrative wage garnishment decision. (Dkt. 1) On March 2, 2017, DOE voluntarily agreed to suspend the wage garnishment pending final judgment is rendered in this action.[1] (Dkt. 11)

The DOE is reconsidering the January 30, 2017 decision at issue and will do so in accordance with the standards set forth by the Debt Collection Improvement Act of 1996 and the regulations promulgated thereunder. 31 U.S.C. § 3176 *et seq.* (Declaration of Myra Taylor attached hereto, ¶ 4)

---

[1] DOE agrees to continue the suspension of the wage garnishment while the reconsideration decision is pending.

### III. THE COURT SHOULD GRANT DOE'S REQUEST FOR VOLUNTARY REMAND IN THE INTEREST OF EFFICIENCY AND JUDICIAL ECONOMY

Under the Administrative Procedures Act, 5 U.S.C. § 701 *et seq.* ("APA"), the Court may set aside an agency decision found to be "arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with the law."  5 U.S.C. § 706(2)(a).  In this instance, Plaintiff challenges the DOE administrative wage garnishment decision as "arbitrary, capricious, and contrary to law" under the APA. (Dkt. 1, ¶¶ 72-78)  DOE seeks voluntary remand of this matter so that the challenged decision can be reconsidered and re-issued in a way that would not be arbitrary, capricious or contrary to law.

This Court has the equitable power to remand the decision to DOE for reconsideration.  *See Nat. Res. Def. Council, Inc. v. U.S. Dep't of Interior*, 275 F.Supp.2d 1136, 1141 (C.D. Cal. 2002)(*citing Ford Motor Co. v. National Labor Relations Board*, 305 U.S. 364, 373 1939, for the proposition that "[t]he purpose of the judicial review is consonant with that of the administrative proceeding – to secure a just result with a minimum of technical requirements.")  Granting a voluntary remand request is "consistent with the principal that 'administrative agencies have an inherent authority to reconsider their own decisions, since the power to decide in the first instance carries with it the power to reconsider.'"  *Nat. Res. Def. Counsel*, 275 F. Supp. 1141 (*quoting Trujillo v. General Electric Co.*, 621 F.2d 1084, 1086 (10th Cir.1980); *see also Asse Int'l Inc. v. Kerry*, 182 F.Supp.3d 1059, 1063 (C.D. Cal. 2016).  Further, "voluntary remand promotes judicial economy by allowing the relevant agency to reconsider and rectify an erroneous decision without further expenditure of judicial resources." Nat. Res. Def. Counsel, 275 F.Supp.2d at 1141 (*citing Ethyl Corp. v. Browner*, 989 F.2d 522, 524 (D.C.Cir.1993); *see also Asse Int'l Inc.*, 182 F.Supp.3d at 1063.

In this case, DOE intends to reconsider and re-issue an administrative wage garnishment decision that comports with the Debt Collection Improvement Act of 1996

and the regulations promulgated thereunder. 31 U.S.C. § 3176 *et seq.* (Declaration of Myra Taylor attached hereto, ¶ 4) As such, DOE is committed issuing a timely decision that is not arbitrary, capricious or contrary to law. (Id.) Giving DOE an opportunity to rectify a potentially erroneous decision may obviate the necessity for further judicial review entirely and/or narrow any issues appropriate for judicial review.

## IV. CONCLUSION

For the foregoing reasons, DOE requests that the Court grant its request for voluntary remand.

Dated: May 8, 2017

Respectfully submitted,

SANDRA R. BROWN
Acting United States Attorney
DOROTHY A. SCHOUTEN
Assistant United States Attorney
Chief, Civil Division

/s/
_____
INDIRA J. CAMERON-BANKS
Assistant United States Attorney

Attorneys for Federal Defendant

3