**United States District Court**
**Central District of California**



FILED
CLERK, U.S. DISTRICT COURT

JUN 09, 2017

CENTRAL DISTRICT OF CALIFORNIA
BY: ___BH___ DEPUTY

Sarah Dieffenbacher,

        Plaintiff,

    v.

Betsy DeVos, in her official capacity as Secretary of the United States Department of Education,

        Defendant.

ED CV 17-342-VAP (KKx)

**Order DENYING Defendant's Motion for Voluntary Remand**

      On May 8, 2017, the U.S. Department of Education (hereinafter referred to as "Department"), on behalf of Defendant Betsy DeVos,[1] filed a motion for voluntary remand. (Doc. No. 25.) On May 15, 2017, Plaintiff Sarah Dieffenbacher filed an opposition to that motion. (Doc. No. 26.) On May 22, 2017, the Department filed a reply. (Doc. No. 27.)

      After consideration of the papers filed in support of and in opposition to the motion, as well as the arguments advanced at the June 5, 2017 hearing, the Court DENIES the motion.

---

[1] DeVos serves as the defendant in this matter pursuant to her official capacity as the Secretary of the U.S. Department of Education. Counsel for Defendant incorrectly spells Defendant's name as "Davos" in several locations. (See, e.g., Doc. No. 25 at 1.)

## I. Background

Between 2007 and 2012, Plaintiff attended Everest College-Ontario Metro (hereinafter referred to as "Everest"), in Ontario, California. (Doc. No. 26 at 6.) In order to attend Everest, Plaintiff took on nearly $50,000 in federal student loan debt, including the approximately $14,500 in Federal Family Education Loans at issue in this case. (Doc. Nos. 1 at 11; 26 at 6.) Under the Federal Family Education Loan program, private lenders issue subsidized student loans, which are then insured by guaranty agencies and in turn insured by the Department. (Doc. Nos. 1 at 3; 27-1 at 2-3.)

In March 2015, Plaintiff submitted an application to the Department for loan cancellation due to what she alleged was fraudulent misconduct by Everest. (Doc. No. 1 at 6.) Plaintiff submitted her application under the "borrower defense" or "defense to repayment" provisions of Department regulations and the terms of the Master Promissory Note governing her Federal Family Education Loans. (Id.) Plaintiff contends that Everest's misconduct violated California law and, thereby, rendered her Federal Family Education Loans legally unenforceable. (Doc. No. 26 at 6.)

In or around August 2015, Plaintiff defaulted on her loans. (Doc. No. 1 at 6.) On October 19, 2016, Educational Credit Management Corporation ("ECMC"), the guaranty agency for Plaintiff's Federal Family Education Loans, sent her a notice stating that it intended to garnish her wages in service of her defaulted loans. (Id. at 7.) Plaintiff filed a timely objection to the proposed wage garnishment and requested an in-person hearing to present her evidence. (Id.) She objected to wage garnishment on the ground that her loans are not legally enforceable, because

2

Everest committed misconduct in violation of California law.  (Id.)  The objection and request for hearing consisted of a 29-page letter explaining why Plaintiff believes her loans are not legally enforceable and 254 pages of exhibits, which included a sworn statement from Plaintiff as well as records from the Attorney General of California regarding documented misconduct on the part of Everest and its parent company.  (Id.; see also Doc. Nos. 2-5 at 6-140; 2-6 at 1-81.)  On November 18, 2016, Plaintiff learned that ECMC had placed a hold on the proposed wage garnishment pending a resolution of her objections and had forwarded her objections to the Department for adjudication.  (Doc. No. 1 at 9.)

On January 20, 2017, the Department sent Plaintiff's counsel a letter denying her objection to administrative wage garnishment.  (Doc. No. 2-6 at 100-102.)  The letter, in relevant part, reads as follows:

> This letter is to present the findings of the recent written records hearing requested by you on the behalf of your client [sic] objection to collection of a defaulted student loan account held by the Educational Credit Management Corporation (ECMC) through wage garnishment action.  This decision was rendered by the U.S. Department of Education (the Department) after careful review of your arguments and all available records related to your client's account, including those submitted by you and those maintained by ECMC.  These findings are conclusive and represent the Department's final decision on your client [sic] objections.  If you disagree with this decision, you may have this decision reviewed by bringing a lawsuit in Federal District Court.
>
> . . .
>
> The Department has determined that your client's account is subject to collection through administrative wage garnishment (AWG) at 15% of your disposable pay.
>
> . . .

3

> On November 14, 2016, ECMC explained to you and your client why these loans were enforceable and they had addressed your concerns and enclosed copy of the borrower's promissory notes. Because ECMC holds the promissory note(s) and other and other [sic] records supporting the existence of this debt, the borrower has the burden to prove that the debt is not owed. The promissory note that forms the basis of this debt is a contract between the borrower and the lender, and any subsequent holder of the promissory note. Please have the borrower establish a repayment arrangement to avoid the possibility of wage garnishment . . ., whereas the Department finds that the borrower [sic] student loan debt is still legally enforceable; therefore, the borrower [sic] objection is denied.

(Id.) On February 13, 2017, ECMC sent a letter to Plaintiff's employer, directing the employer to begin garnishing 15% of Plaintiff's wages. (Doc. No. 1 at 11.)

On February 23, 2017, Plaintiff filed the present complaint for declaratory and injunctive relief "to set aside the Department's decision as in violation of the Administrative Procedure Act." (Doc. No. 1 at 2.) Plaintiff contends that the Department's decision is arbitrary, capricious, and contrary to law because the Department did not adequately address Plaintiff's arguments regarding the enforceability of her debt. (Id. at 12.)

Without admitting fault, the Department seeks remand so that the "decision can be reconsidered and re-issued in a way that would not be arbitrary, capricious or contrary to law." (Doc. No. 25 at 4.)

**II.   Discussion**

"Courts in this Circuit generally look to the Federal Circuit's decision in SKF USA for guidance when reviewing requests for voluntary remand." N. Coast Rivers

All. v. United States Dep't of the Interior, No. 1:16-CV-00307-LJO-MJS, 2016 WL 8673038, at *3 (E.D. Cal. Dec. 16, 2016) (citing SKF USA Inc. v. United States, 254 F.3d 1022, 1029 (Fed. Cir. 2001)).

In SKF USA, the Federal Circuit explained that, "even in the absence of intervening events, the agency may request a remand, without confessing error, to reconsider its previous position." SKF USA, 254 F.3d at 1028. In such circumstances, the reviewing court has discretion over whether to grant the remand, and remand is "usually appropriate" if "the agency's concern is substantial and legitimate." Id. at 1029. For example, the agency may request a remand if "it wished to consider further the governing statute, or the procedures that were followed" or "[i]t might simply state that it had doubts about the correctness of its decision or that decision's relationship to the agency's other policies." Id. (citing Southwestern Bell Tel. Co. v. Fed. Communications Comm'n, 10 F.3d 892, 896 (D.C. Cir. 1993), cert. denied, 512 U.S. 1204 (1994); Wilkett v. Interstate Commerce Comm'n, 710 F.2d 861, 863 (D.C. Cir. 1983); Anchor Line Ltd. v. Fed. Maritime Comm'n, 299 F.2d 124, 125 (D.C. Cir. 1962), cert. denied, 370 U.S. 922 (1962)).

A remand request in such circumstances, however, "may be refused if the agency's request is frivolous or in bad faith." Id.; see, e.g., Lutheran Church–Missouri Synod v. FCC, 141 F.3d 344, 349 (D.C. Cir. 1998) (denying request where the agency sought remand based on a nonbinding and prospective policy statement, the agency did not confess error, and the court determined that the agency was employing "unusual legal tactics . . . to avoid judicial review"); Corus Staal BV v. United States, 387 F. Supp. 2d 1291, 1296 (Ct. Int'l Trade 2005) (denying request

5

where the agency did not articulate legitimate administrative concerns warranting a remand and expressed no doubts about the correctness of its decision).

Here, the Department has not established a substantial or legitimate concern guiding its request for a remand. The Department notes the "request for remand would allow [it] to take into consideration all relevant factors bearing on the [garnishment] decision, including the existence of an outstanding determination regarding discharge of Plaintiff's student loan debt." (Doc. No. 27 at 2.) The Department does not, however, state that it failed to consider all relevant factors in its first attempt at reviewing Plaintiff's case. Moreover, the Department appears to imply that it may render a decision as to the garnishment of Plaintiff's wages <u>before</u> it makes a final determination as to the merits of Plaintiff's loan cancellation application—an application that, as of the filing of this order, has been pending for more than two years.

In addition, the Department stated in its briefing that, as Plaintiff's Federal Family Education Loans are "privately-held debt, . . . [they] cannot be placed in forbearance or stopped collection status, which has consequently led to the enforcement action underlying the [garnishment] decision." (Doc. No. 27 at 3.) The Department, however, contradicted this stance at the hearing on the present motion, suggesting that a remand would be the best possible course because it would allow the Department the opportunity to place Plaintiff's privately-held loans in forbearance.

The Department's request for remand appears to be an attempt to evade judicial review so that it can retain the ability to garnish Plaintiff's wages without a

6

conclusive ruling as to the enforceability of her loans. Under such circumstances, the remand request appears both frivolous and in bad faith. Accordingly, the Department's motion for voluntary remand is **DENIED.**

In addition, this Court will temporarily hold this matter in abeyance to afford the Department an opportunity to make a final determination as to Plaintiff's loan cancellation application. Cf. Anchor Line, 299 F.2d at 125 (noting that "when an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency"). Counsel for the Department shall file a status report with this Court within ninety days. If the Department has failed to issue a final decision as to Plaintiff's loan cancellation application within those ninety days, this Court will proceed to consider the issue of enforceability on the merits.

**IT IS SO ORDERED.**

Dated:     6/8/17

Virginia A. Phillips
Chief United States District Judge