SANDRA R. BROWN
Acting United States Attorney
DOROTHY A. SCHOUTEN
Assistant United States Attorney
Chief, Civil Division
INDIRA J. CAMERON-BANKS (Cal. Bar No. 248634)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2442
    Facsimile: (213) 894-7819
    E-mail: Indira.J.Cameron-Banks@usdoj.gov

Attorneys for Federal Defendant

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH DIEFFENBACHER,<br><br>    *Plaintiff*,<br><br>v.<br><br>BETSY DEVOS, in her official capacity as Secretary of the United States Department of Education,<br><br>    *Defendant*. | Case No.: 5:17-cv-342-VAP (KKKx)<br><br>**FEDERAL DEFENDANT'S STATUS REPORT**<br><br>[DECLARATION OF MYRA TYLER]<br><br>[DECLARATION OF JAMES MANNING]<br><br>Honorable Virginia A. Phillips |

    Plaintiff Sarah Dieffenbacher ("Plaintiff") initiated this declaratory relief action under the Administrative Procedures Act 5 U.S.C. § 702, ("APA") to challenge a January 30, 2017 Department of Education ("DOE") decision to garnish her wages based on an outstanding student loan debt that she was seeking to discharge. On June 9, 2017, the Court directed DOE to file this report on or before September 7, 2017, regarding the status of Plaintiff's wage garnishment and underlying student loan debt.

1. Plaintiff incurred student loan debt to attend Everest College. (Declaration of DOE Hearings and Interagency Appeals Branch Supervisory Program and Management Analyst, Myra Tyler, ["Tyler Decl."] ¶ 5.) DOE has offered options for debt relief for students that attended Everest College, including discharge. (*Id.* at ¶ 6; *https://studentaid.ed.gov/sa/about/announcements/corinthian#fraudviolations-state-law*.)

2. In March 2015, Plaintiff applied for discharge of her student loan debt pursuant to the "borrower defense" grounded in 34 C.F.R. § 682.209(g), allowing a borrower to assert all claims and defenses against a holder of a loan that the borrower could assert against the school. (Tyler Decl. ¶7 and ¶9.)

3. On January 30, 2017, DOE's Hearings and Interagency Appeals group issued the administrative wage garnishment decision based on the underlying student loan debt. (Tyler Decl. ¶8.)

4. On June 15, 2017, DOE withdrew the challenged January 30, 2017 administrative wage garnishment decision on the grounds that it failed to consider the pending application for discharge of the student loan debt. (Tyler Decl. ¶10.)

5. The June 15, 2017 decision informed Plaintiff that all of the student loan debt, including the privately-held debt giving rise to the administrative wage garnishment decision, has been assigned to DOE and placed in forbearance status pending a decision on the pending application for discharge of the underlying student loan debt.[1] (*Id.*)

6. Plaintiff's application for discharge of the underlying student loan debt is pending with DOE, which is reviewing applications seeking relief for claims similar to Plaintiff. (Declaration of DOE Acting Under Secretary James Manning, ["Manning Decl."] ¶10.) DOE will issue a decision on Plaintiff's discharge application within six months (on or before March 1, 2018) as part of a

---

[1] Pursuant to the March 2, 2017 agreement of the parties, Plaintiff's wages have not been garnished at any time before June 15, 2017. (Dkt. No. 11.)

larger group of decisions being issued regarding similar claims, and any interest accrued on the student loan debt since March 28, 2016 will be forgiven. (*Id.*)

DATED: September 7, 2017   Respectfully submitted,

             SANDRA R. BROWN
             Acting United States Attorney
             DOROTHY A. SCHOUTEN
             Assistant United States Attorney
             Chief, Civil Division

             */s/ Indira J Cameron-Banks*
             INDIRA J. CAMERON-BANKS
             Assistant United States Attorney

             Attorneys for Federal Defendant