DEANNE B. LOONIN (SBN 156733)
dloonin@law.harvard.edu
EILEEN M. CONNOR (SBN 248856)
econnor@law.harvard.edu
TOBY R. MERRILL (*Pro Hac Vice*)
tomerrill@law.harvard.edu
ALEC P. HARRIS (*Pro Hac Vice*)
aharris@law.harvard.edu
LEGAL SERVICES CENTER OF
HARVARD LAW SCHOOL
122 Boylston Street
Jamaica Plain, MA 02130
Tel.: (617) 390-3003
Fax: (617) 522-0715

ROBYN C. SMITH (SBN 165446)
rsmith@lafla.org
LEGAL AID FOUNDATION OF LOS
ANGELES
5228 Whittier Blvd.
Los Angeles, CA 90022
Te.: (213) 640-3906
Fax: (213) 640-3911

Attorneys for Plaintiff
SARAH DIEFFENBACHER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH DIEFFENBACHER,<br><br>　　　　*Plaintiff*,<br><br>　　v.<br><br>BETSY DEVOS, in her official capacity as Secretary of the United States Department of Education,<br><br>　　　　*Defendant*. | Case No.: 5:17-cv-00342-VAP-KK<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATUS REPORT** |

1

In response to Defendant Betsy DeVos's Status Report filed on September 7, 2017 (Doc. No. 32), Plaintiff Sarah Dieffenbacher respectfully requests that the Court proceed as expeditiously as possible to consider the merits of Plaintiff's objection to the enforceability of her student loans, as contemplated in the Court's June 8, 2017, Order. (Doc. No. 31.) In support of her Response, Plaintiff provides the purported agency decision dated June 15, 2017, referenced and quoted in the Defendant's filing.

Three months ago, this Court denied Defendant's request for a voluntary remand. Plaintiff opposed any remand because, among other reasons, Plaintiff has challenged the legal enforceability of her federal student loans four times over the course of more than two years to no avail. (Doc. No. 26 at 5.) In rejecting Defendant's request, the Court found that there was no "substantial or legitimate concern guiding its request for a remand." (Doc. No. 31 at 6.) Rather, the request "appear[ed] to be an attempt to evade judicial review so that [Defendant] can retain the ability to garnish Plaintiff's wages without a conclusive ruling as to the enforceability of her loans." (*Id.* at 6-7.)

Nevertheless, the Court did agree to temporarily hold this case in abeyance "to afford the Department an opportunity to make a final determination" regarding the enforceability of her student loans. (*Id.* at 7.) Thus, the Court requested a status report within 90 days of the Order. If that report revealed that "the Department has failed to issue a final decision as to Plaintiff's loan cancellation application within those ninety days, this Court will proceed to consider the issue of enforceability on the merits." (*Id.*)

Defendant's Status Report—filed on the 91st day—reveals that it has in fact failed to issue a conclusive ruling as to the enforceability of Ms. Dieffenbacher's loans. Without directly acknowledging this Court's earlier directive, the Defendant asserts that it needs another six months (Doc. No. 32 at 2), to "evaluat[e] criteria

1  for Borrower Defense relief for claims similar to that of Ms. Dieffenbacher." (Doc.
2  No. 32-2 at 1.)
3        Defendant's assertion that it will issue a final decision within six months is
4  specious in light of its previous conduct, both in the prosecution of this litigation
5  and otherwise. Defendant has had two and a half years to consider Ms.
6  Dieffenbacher's application for loan discharge. (*See* Doc. No. 31 at 2.) Moreover,
7  it has publicly stated that no borrower defense applications have been processed in
8  more than six months. *See* Letter from James F. Manning, Acting Under Sec'y,
9  U.S. Dep't of Educ., to Sen. Richard J. Durbin 2 (July 7, 2017),
10 https://perma.cc/H9XM-DSLP ("No borrower defense applications have been
11 approved between January 20, 2017 and today.").
12       Further, Defendant has been neither forthcoming nor candid in its previous
13 representations to this Court and Plaintiff. It stated that it lacked power to place
14 Ms. Dieffenbacher's FFEL loans in forbearance, and then cited the need to place
15 those loans in forbearance as the basis for remand. (Doc. No. 31 at 6.) Then,
16 despite being denied a remand, Defendant assigned the loans to itself and had them
17 "placed in forbearance status" only a week after the Court's Order. (Doc. No. 32 at
18 2.) Most egregiously, Defendant waited until the last permissible moment to
19 inform the Court and Plaintiff that it would not reach the merits of Ms.
20 Dieffenbacher's objection within the Court's timeframe, despite apparently having
21 reached that decision in early June.
22       The purported agency decision of June 15, attached in its entirety hereto, is
23 yet another blatant attempt on the part of the Defendant to evade judicial scrutiny
24 of its failure to discharge Plaintiff's loans. Issued just days after the Court denied
25 Defendant's request for remand, it purports to withdraw its earlier, final decision.
26 But this communication, styled as an "interim decision," may not be used to
27 circumvent the Court's Order or thwart its jurisdiction. *See City of Mesquite v.*
28 *Aladdin's Castle*, 455 U.S. 283, 289 (1982) ("It is well settled that a defendant's

voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice."). Defendant's latest decision does not conclusively protect Plaintiff from further efforts by Defendant to collect on loans that she asserts are unenforceable on their own terms. Nor does it ensure that Plaintiff will *ever* receive from Defendant a decision regarding the enforceability of her loans made in accordance with the norms of administrative law and due process.

In both its June 15 letter and its Status Report, Defendant does not acknowledge that it failed to consider, and does not promise that it ever will consider, the actual material Plaintiff presented on November 2, 2016 in support of her objection to the notice of garnishment. (Doc. No. 32-1 at 3) (explaining that retraction of wage garnishment order was "due to the fact that [Defendant] failed to consider Ms. Dieffenbacher's March 28, 2015 application for discharge of her loans on the basis of borrower defense.") Defendant has neither admitted its error nor committed to a plan for correcting that error. *Cf. Cal. Cmtys. Against Toxics v. EPA*, 688 F.3d 989, 992 (9th Cir. 2012). Absent such an admission and commitment, the conclusion remains that Defendant's attempts to insulate its actions from judicial review are "both frivolous and in bad faith." (Doc. No. 31 at 7.) *See Flanagan v. Arnaiz*, 203 F.3d 830, *1 (9th Cir. 1999) (concluding that finding of bad faith had become law of the case).

The undisputed facts before the Court establish that Ms. Dieffenbacher's loans are not legally enforceable and must be discharged, and Defendant's decision to the contrary cannot be sustained. As such, Plaintiff respectfully requests that this Court proceed expeditiously to reach the merits of Ms. Dieffenbacher's fully ripe and justiciable case. Her loan documents specify that she has the right to defend against collection of her loans on the basis of Everest's wrongdoing. (Doc. No. 1 at 65.) Defendant's regulations specify that Ms. Dieffenbacher is entitled to decision on the merits if she raises such an objection in a request for a hearing on an

administrative wage garnishment, 34 C.F.R. § 682.410(b)(9)(i)(G), which she did. (Doc. No. 1 at 7.) And notwithstanding Defendant's bare assertion that it "is currently evaluating criteria for Borrower Defense relief for claims similar to that of Ms. Dieffenbacher," (Doc. No. 32-2 at 1), the "criteria" for defense to repayment have been established since 1994, and are written into Ms. Dieffenbacher's loan notes.

Dated: September 13, 2017

Respectfully Submitted,

/s/ *Alec P. Harris*

Alec P. Harris
Eileen M. Connor
Deanne B. Loonin
Toby R. Merrill
LEGAL SERVICES CENTER OF
HARVARD LAW SCHOOL
122 Boylston Street
Jamaica Plain, MA 02130
Tel.: (617) 390-3003
Fax: (617) 522-0715

Robyn C. Smith
LEGAL AID FOUNDATION OF
LOS ANGELES
5228 Whittier Blvd.
Los Angeles, CA 90022
Te.: (213) 640-3906
Fax: (213) 640-3911

*Attorneys for Plaintiff Sarah Dieffenbacher*