UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | ED17-cv-342-VAP-KK | Date | 9/22/2017 |
| Title | *Sarah Dieffenbacher v. Betsy DeVos, in her official capacity as Secretary of the United States Department of Education* | | |

| Present: The Honorable | VIRGINIA A. PHILLIPS, CHIEF UNITED STATES DISTRICT JUDGE |
|---|---|

| Beatrice Herrera | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** MINUTE ORDER (IN CHAMBERS) ORDERING PARTIES TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

On June 9, 2017, the Court issued an order denying Defendant's Motion for Voluntary Remand, finding the request to be both frivolous and in bad faith. (Doc. No. 31.) The Court also held the matter in abeyance to afford Defendant an opportunity to make a final determination as to Plaintiff's loan cancellation application and ordered Defendant to file a status report with the Court within ninety days. (Id. at 7.) The Court's order also indicated that if Defendant failed to issue a final decision as to Plaintiff's loan cancellation application within those ninety days, that the Court would proceed to consider the issue of enforceability on the merits. (Id.)

Defendant filed her status report on September 7, 2017. (Doc. No. 32.) Therein, she indicated that on June 15, 2017, the Department of Education ("Department") withdrew the challenged January 30, 2017 administrative wage garnishment ("AWG") decision "on the grounds that it failed to consider the pending application for discharge of student loan debt." (Id. at 2.) She further indicated that Plaintiff's application for discharge of the underlying student loan debt remained pending, with the Department, which is reviewing applications seeking relief for claims similar to Plaintiff, and that the Department will issue a decision on Plaintiff's discharge application within six months (on or before March 1, 2018) as part of a larger group of decisions being issued on similar claims. (Id. at 2-3.)

Plaintiff filed a response to Defendant's status report on September 13, 2017. (Doc. No. 36.) Therein, Plaintiff requested that the Court "proceed as expeditiously as possible to consider the merits of Plaintiff's objection to the enforceability of her student loans," noting that Defendant "has failed to issue a conclusive ruling as to the enforceability of [Plaintiff]'s loans," and that Defendant's claim that it will issue a final decision within six months is "specious in light of its previous conduct, both in the prosecution of this litigation and otherwise," and pointing out that Defendant "has neither been forthcoming nor candid in its previous representations to this Court and Plaintiff." (Id. at 2-3.) Plaintiff further claims that the Department's June 15, 2017 decision that withdrew its January 30, 2017 AWG decision is "yet another blatant attempt on the part of Defendant to evade judicial scrutiny of its failure to discharge Plaintiff's loans." (Id. at 3.)

Plaintiff's concerns that Defendant is attempting to circumvent the Court's order are not lost on the Court. Nevertheless, as Plaintiff is aware, the Department's withdrawal of the January 30, 2017 AWG decision appears to divest this Court of jurisdiction under the Administrative Procedures Act, 5 U.S.C. § 702. The Complaint in this case cites the January 30, 2017 AWG decision as a "final agency action reviewable under the Administrative Procedure Act," (Complaint ¶ 74), and the 2017 AWG decision is therefore the basis for the Court's subject matter jurisdiction over this case. See Pac. Coast. Fed. Of Fishermen's Ass'n, Inc. v. Nat'l Marine Fisheries Serv., 265 F.3d 1028, 1033 (9th Cir. 2001) ("Only final agency decisions are subject to review under the APA.") The Department's June 15, 2017 decision, which Plaintiff attached as an exhibit to her response, is an "interim decision." (Doc. No. 36-1.)

For the foregoing reasons, the Court ORDERS the parties to show cause, in writing, no later than October 19, 2017, why this case should not be dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**