SANDRA R. BROWN
Acting United States Attorney
DOROTHY A. SCHOUTEN
Assistant United States Attorney
Chief, Civil Division
INDIRA J. CAMERON-BANKS (Cal. Bar No. 248634)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2442
    Facsimile: (213) 894-7819
    E-mail: Indira.J.Cameron-Banks@usdoj.gov

Attorneys for Federal Defendant

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH DIEFFENBACHER,<br><br>    *Plaintiff*,<br><br>  v.<br><br>BETSY DEVOS, in her official capacity as Secretary of the United States Department of Education,<br><br>    *Defendant*. | Case No.: 5:17-cv-342-VAP (KKKx)<br><br>**FEDERAL DEFENDANT'S RESPONSE TO ORDER TO SHOW CAUSE RE: DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Honorable Virginia A. Phillips |

## I. INTRODUCTION

Federal Defendant, Betsy DeVos, in her official capacity as Secretary of the United States Department of Education ("DOE"), hereby responds to the Court's September 22, 2017 Order to Show Cause as to why this Administrative Procedures Act, 5 U.S.C. § 702 ("APA") action should not be dismissed for lack of subject matter jurisdiction. Federal Defendant's position is that because no final agency decision currently exists for Plaintiff to challenge under the APA, this case should be dismissed for lack of subject matter jurisdiction.

## II. RELEVANT BACKGROUND

In this APA action, Plaintiff, Sarah Dieffenbacher, challenges DOE'S January 30, 2017 final agency decision to garnish her wages in order to collect on an outstanding student loan debt because her application to discharge that debt remains pending with DOE.

On June 15, 2017, DOE withdrew the challenged January 30, 2017 administrative wage garnishment decision on the grounds that it failed to consider Plaintiff's pending application for discharge of the student loan debt. (Dkt. No. 36-1, p. 2.) DOE's June 15, 2017 interim decision was that (1) Plaintiff's outstanding student loan debt will not be subject to collection while Plaintiff's discharge application (or "borrower defense" application) remains pending, and (2) a "final agency decision" regarding wage garnishment will be rendered once DOE issues a decision on the pending discharge application. (Id.)

As set forth in Federal Defendant's September 7, 2017 Status Report, a decision on the pending discharge application will be made on or before March 1, 2018, and any interest accrued on the student loan debt since March 28, 2016 will be forgiven. (Dkt. No. 32, ¶ 6.)

## III.    THIS APA ACTION SHOULD BE DISMISSED.

The Complaint alleges that the Court's jurisdiction over this matter is grounded in the APA. (Dkt. No.1, ¶ 6.) However, "[o]nly final agency decisions are subject to review under the APA." Pacific Coast Fed. of Fishermen's Ass'n, Inc. v. Nat'l Marine Fisheries Serv., 265 F.3d 1028, 1033 (9th Cir. 2001). In Pacific Coast, the Ninth Circuit reiterated that for an agency decision to be considered final, it should (1) "mark the consummation of the agency's decision making process" and (2) "be one by which rights or obligations have been determined or from which legal consequences flow." Id. (citing Ecology Center, Inc. v. United States Forest Service, 192 F.3d 922, 925-26 (9th Cir. 1999). Here there is no decision to meet the first prong of this test, and consequently there is no

final agency decision over which this Court has jurisdiction.

At this time, there is no DOE decision before the Court that consummates the agency's decision-making process for either Plaintiff's administrative wage garnishment, or her debt discharge application. The January 30, 2017 DOE administrative wage garnishment decision has been withdrawn. The June 15, 2017 administrative wage garnishment decision is only a provisional one that it will be altered once a decision is rendered on Plaintiff's pending discharge application (which will occur on or before March 1, 2018). The tentative and/or interlocutory nature of the June 15, 2017 interim decision renders it non-final. See Bennett v. Spear, 117 S.Ct. 1154, 178 (1997). Accordingly, this APA action should be dismissed for lack of jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, it is Federal Defendant's position that the instant APA action should be dismissed for lack of jurisdiction.

SANDRA R. BROWN
Acting United States Attorney
DOROTHY A. SCHOUTEN
Assistant United States Attorney
Chief, Civil Division

*/s/ Indira J Cameron-Banks*
INDIRA J. CAMERON-BANKS
Assistant United States Attorney

Attorneys for Federal Defendant