DEANNE B. LOONIN (SBN 156733)
dloonin@law.harvard.edu
EILEEN M. CONNOR (SBN 248856)
econnor@law.harvard.edu
TOBY R. MERRILL (*Pro Hac Vice*)
tomerrill@law.harvard.edu
ALEC P. HARRIS (*Pro Hac Vice*)
aharris@law.harvard.edu
LEGAL SERVICES CENTER OF
HARVARD LAW SCHOOL
122 Boylston Street
Jamaica Plain, MA 02130
Tel.: (617) 390-3003
Fax: (617) 522-0715

ROBYN C. SMITH (SBN 165446)
rsmith@lafla.org
LEGAL AID FOUNDATION OF LOS
ANGELES
5228 Whittier Blvd.
Los Angeles, CA 90022
Tel.: (213) 640-3906
Fax: (213) 640-3911

*Attorneys for Plaintiff*
SARAH DIEFFENBACHER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH DIEFFENBACHER,<br><br>   *Plaintiff*,<br><br>  v.<br><br>BETSY DEVOS, in her official capacity as Secretary of the United States Department of Education,<br><br>   *Defendant*. | Case No.: 5:17-cv-00342-VAP-KK<br><br><br>**PLAINTIFF'S PRELIMINARY BRIEF TO SHOW CAUSE REGARDING RULE 26(F) REPORT** |

Plaintiff files this brief to explain the parties' decision not to file a Rule 26(f) report. As explained herein, the parties conferred on December 20, 2017 in accordance with the timeframe specified in Rule 26. At that time, the parties determined, based on the text of Rule 26, that this action is exempt as "an action for review on an administrative record." In the subsequent days, the parties acted diligently to advance the adjudication of this dispute in accordance with that determination, including by filing the administrative record and by filing their joint Alternative Dispute Resolution form. Plaintiff respectfully request that the Court not sanction the parties and proceed with a hearing as initially scheduled at 1:30 p.m. on Monday, January 22, 2018.

## BACKGROUND

Plaintiff brings this case pursuant to the Administrative Procedure Act ("APA"), challenging the action of Defendant Secretary of Education Betsy DeVos on the grounds that her decision to garnish Plaintiff's wages was arbitrary and capricious and not supported by the administrative record before the Secretary and the Department of Education and the time of the challenged agency action. Doc. No. 1 at 12.

On December 1, 2017, the Court issued a Scheduling Oder setting a scheduling conference in this case for 1:30 p.m. on January 22, 2018. Doc. No. 42. The Scheduling Order reminded the parties of their obligations under Federal Rule of Civil Procedure 26(f) and the Court's Local Rules to report to the Court not later than 14 days after they conferred and to complete the Court's Schedule of Pretrial and Trial Dates as part of their joint report under Rule 26(f). The Order also directed the parties to file a joint Alternative Dispute Resolution form.

On December 20, 2017, the parties conferred in accordance with the timeframe specified in Rule 26. During that conference, the parties agreed that this action is "an action for review on an administrative record," and was therefore exempt from initial disclosures and Rule 26(f) reports. The parties further agreed

PLAINTIFF'S BRIEF TO SHOW CAUSE REGARDING RULE 26(F) REPORT

that they would stipulate to resolving the case by cross-motions for summary judgment on the administrative record, as is typical in APA cases. In the following days, the parties conferred regarding the contents of the administrative record. On January 12, 2018, Defendant filed the administrative record. Doc. No. 43. That same day, the parties filed their joint Alternative Dispute Resolution form. Doc. No. 44.

## ARGUMENT

### I.    The text of Rule 26 exempts this case from a 26(f) report.

The text of Rule 26 exempts the parties to this case from an obligation to file a 26(f) report because this case is an action for review on an administrative record. This exemption arises from two subsections of the rule. First, subsection (a) of Rule 26 exempts actions for review on an administrative record from initial disclosures: "The following proceedings are exempt from initial disclosure . . . an action for review on an administrative record." Fed. R. Civ. P. 26(a)(1)(B)(i). Second, subsection (f) of Rule 26 carries this exemption through to 26(f) reports:

> (1) Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable . . . .
> (2) In conferring, the parties must . . . develop a proposed discovery plan. The attorneys of record . . . are jointly responsible for . . . for submitting to the court within 14 days after the conference a written report outlining the plan.

Fed. R. Civ. P. 26(f)(1)–(2). Thus, pursuant to these two provisions of Rule 26, actions for review on an administrative record are exempt from initial disclosures and 26(f) reports.

This exemption applies to this case because this case is "an action for review on an administrative record." This lawsuit proceeds pursuant to the APA, and Plaintiff contends that Defendant's administrative were arbitrary and capricious based on the administrative record before the agency at the time of its action. Doc.

PLAINTIFF'S BRIEF TO SHOW CAUSE REGARDING RULE 26(F) REPORT

No. 1 at 12. The parties agree that review should take place on the basis of the administrative record and on January 12, 2018, the Defendant filed the administrative record in this case. *See* Doc. No. 43. Thus, Rule 26 did not require the parties to file a 26(f) report because this case is an action for review on an administrative record.

## II.   The parties interpreted the Court's Scheduling Order to create obligations co-extensive with Rule 26.

The parties reviewed the Court's December 1, 2017 Scheduling Order carefully and concluded that their obligations under that order are co-extensive with Rule 26. In relevant part, the Order issues three directives to the parties. First, the Order directs the parties to confer and make initial disclosures "as required by Fed. R. Civ. P. 26 and the Local Rules of this Court":

> The parties are reminded of their obligations to disclose information and confer on a discovery plan not later than 21 days prior to the scheduling conference and report to the Court not later than 14 days after they confer as required by Fed. R. Civ. P. 26 and the Local Rules of this Court.

Doc. No. 42 at 1. In light of the parties' reading of Rule 26, which exempts actions for review on an administrative record from initial disclosures and from 26(f) reports, the parties concluded that they are also exempt from this requirement by the text of the Order. The Local Rules say nothing to the contrary.

Second, the Order directs the parties to complete the Court's Schedule of Pretrial and Trial Dates attached to the Order as Exhibit A: "Counsel are further directed to complete the table attached hereto as Exhibit A as part of counsel's joint report under Fed. R. Civ. P. 26(f)." Doc. No. 42 at 1. Because they are exempt from the 26(f) report requirement, parties concluded that they also ought not complete the table. In support of this conclusion, the parties observed that the table requests information that appeared not

4

relevant for this case, including dates for discovery, expert disclosures, and motions in limine. *See id.* at 3.

Finally, the Order directs the parties to submit a joint Alternative Dispute Resolution Form: "Counsel must also submit form ADR 1, located on the Court's website at www.cacd.uscourts.gov no later than seven days before the scheduling conference date." Doc. No. 42 at 1–2. The parties did so on January 12, 2018. Doc. No. 44.

## CONCLUSION

For all of the above reasons, Plaintiffs respectfully request that the Court not sanction the parties and proceed with the scheduling conference on January 22, 2018.

Dated: January 19, 2018                    Respectfully submitted,


                                           /s/ *Alec P. Harris*

                                           Alec P. Harris
                                           Eileen M. Connor
                                           Deanne B. Loonin
                                           Toby R. Merrill

                                           LEGAL SERVICES CENTER OF
                                           HARVARD LAW SCHOOL
                                           122 Boylston Street
                                           Jamaica Plain, MA 02130
                                           Tel.: (617) 390-3003
                                           Fax: (617) 522-0715

                                           Robyn C. Smith
                                           LEGAL AID FOUNDATION OF
                                           LOS ANGELES
                                           5228 Whittier Blvd.
                                           Los Angeles, CA 90022
                                           Tel.: (213) 640-3906
                                           Fax: (213) 640-3911

5

1

*Attorneys for Plaintiff Sarah
Dieffenbacher*

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S BRIEF TO SHOW CAUSE REGARDING RULE 26(F) REPORT