NICOLA T. HANNA
United States Attorney
DOROTHY A. SCHOUTEN
Assistant United States Attorney
Chief, Civil Division
INDIRA J. CAMERON-BANKS [CBN: 248634]
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2442
    Facsimile: (213) 894-7819
    E-mail: Indira.J.Cameron-Banks@usdoj.gov

Attorneys for Federal Defendant
Betsy DeVos, in her official capacity as Secretary of the United States Department of Education

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SARAH DIEFFENBACHER,<br><br>    Plaintiff,<br><br>    v.<br><br>BETSY DEVOS, in her official capacity as Secretary of the United States Department of Education,<br><br>    Defendant. | No. CV 5:17-CV-342-VAP (KKx)<br><br>**DEFENDANT'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date:  April 30, 2018<br>Hearing Time:  2:00 p.m.<br>Ctrm:  8A, 8th Floor<br>Hon.  Virginia A. Phillips |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The actual factual circumstances that have occurred since she initiated this action over a year ago have mooted Plaintiff Sarah Dieffenbacher's sole claim that a January 30, 2017 administrative wage garnishment decision made by Department of Education ("DOE") violates the Administrative Procedure Act, 5 U.S.C. § 701 *et seq*, ("APA"). With this claim, Plaintiff sought an Order determining that the decision violated the APA, and striking the decision. However, DOE already withdrew the challenged decision in a subsequent June 15, 2017 decision. As such, there is no decision in effect for the Court to strike or to consider.

Seemingly acknowledging that her claim is indeed moot, Plaintiff's April 2, 2018 summary judgment briefing now seeks a determination regarding the "legal enforceability" of her loans – requested relief that was not, and could not have been, sought in the Complaint because this determination was only recently made in a separate administrative proceeding not challenged in this action. On February 28, 2018, DOE issued a decision on Plaintiff's application to discharge her debt, determining that only 50% of her student loan debt (including the defaulted loans addressed in the withdrawn January 2017 decision) is legally enforceable, and the remaining 50% is eligible for discharge. That February 28, 2018 decision is not challenged in the instant action, and as such is not currently before the Court.

## II. RELEVANT BACKGROUND

On March 28, 2015, Plaintiff submitted an application to discharge the student loan debt she incurred to attend Everest College between 2007 and 2012. (Dkt. 48-1, Certified Administrative Record [CAR] 178-187.) While this application was pending, DOE issued a decision pursuant to procedures set forth in on January 30, 2017 to garnish Plaintiff's wages in connection with some of the student loan debt, specifically three

defaulted loans issued under the Federal Family Education Loan ("FFEL") Program. (CAR, 1-5.)

On February 23, 2017, Plaintiff initiated this action asserting a single claim alleging that the January 30, 2017 decision violated the APA. (*See* Dkt. 1, Compl. p. 11, "CAUSE OF ACTION" ¶ 72-78.)  In her prayer for relief, Plaintiff sought (a) a finding that the January 30, 2017 decision violated the APA, (b) an order striking the January 30, 2017 decision, (c) an order withdrawing the authority for garnishment of Plaintiff's wages, (d) an order for a hearing in connection with the wage garnishment decision, and (e) attorneys' fees. (*See Id.* at p. 13, "PRAYER FOR RELIEF" ¶ A-E.)

On June 15, 2017, DOE withdrew the challenged January 30, 2017 administrative wage garnishment decision because it determined that it had failed to consider the pending March 28, 2015 discharge application. (CAR 1-2.)

On February 28, 2018, DOE issued a decision in connection with Plaintiff's March 28, 2015 application to discharge her student loan debt, and found that 50% of Plaintiff's eligible student loan debt (including the loans giving rise to the January 30, 2017 administrative wage garnishment) can be discharged. (Dkt. 53-1, Declaration of Jane Bryson [Bryson Decl.], ¶ 3, Exhibit A.)

On April 2, 2018 Plaintiff filed a motion for summary judgment along with attendant briefing and a proposed order that not only reaffirmed her request to vacate and set aside the already withdrawn January 30, 2017 decision, but also a declaration that her federal student loans are not "legally unenforceable." (Dkt. 52-3.)

### III. PLAINTIFF'S CLAIMS SHOULD BE DISMISSED AS MOOT

Under the APA, 5 U.S.C. § 701 *et seq.* ("APA"), the Court may set aside an agency decision found to be "arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(a).  In her Complaint, Plaintiff asserts a single claim for relief under the APA based on the now withdrawn January 30, 2017 DOE administrative wage garnishment decision. (*See* Compl., Dkt. 1, ¶ 64-68, 73-78, ¶ A-C; *see also* Pl. Br., Dkt. 46, p. 2 ("Plaintiff brings this case pursuant to the [APA],

challenging the action of [DOE] on the grounds that [its] decision to garnish Plaintiff's wages was arbitrary and capricious and not supported by the administrative record before the [DOE] and the time of the challenged agency action."); Pl. Br., Dkt. 38, p. 6 ("[O]n February 23, 2017, Ms. Dieffenbacher filed this suit to stop [garnishment].")

Plaintiff's sole APA claim challenged the January 30, 2017 DOE decision as arbitrary and capricious because it seemingly determined that her student loan debt was legally enforceable even though Plaintiff had a pending application to discharge the debt. (*See* Dkt. 1, Compl., ¶ 72-78.)   As such, Plaintiff's requested relief in this action is limited to orders in connection with the January 30, 2017 decision itself. (*See Id.*, ¶ A-D.)  That decision has been withdrawn, and there is no outstanding determination regarding the legal enforceability of Plaintiff's student loan debt since the February 28, 2018 decision was rendered.  Plaintiff has not challenged this recent decision in this action.  Accordingly, as there is no justiciable claim before this Court, Plaintiff's APA claim should be dismissed as moot.

It is well settled that the Courts' jurisdiction extends only to "actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Mills v. Green*, 159 U.S. 651, 653 (1895); *see also Powell v. McCormack*, 395 U.S. 486, 496, fn.7 (1969) ("The rule that this Court lacks jurisdiction to consider the merits of a moot case is a branch of the constitutional command that the judicial power extends only to cases or controversies.")

"A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries." *U.S. v. Alder Creek Water Co.*, 823 F.2d 343, 345 (9th 1987). Generally, when an administrative agency has performed the action sought by a plaintiff through litigation, a federal court "lacks the ability to grant effective relief," and the claim is deemed moot.[1]  *See Rosemere Neighborhood Ass'n v. U.S.*

---

[1] As Plaintiff herself stated in her October 19, 2017 briefing on jurisdiction, "it is

3

*Environmental Protection Agency*, 581 F.3d 1169, 173 (9th Cir. 2009).

Since initiating this action, DOE withdrew its January 30, 2017 decision <u>and</u> issued a decision regarding the legal enforceability of Plaintiff's student loan debt in connection with her 2015 discharge application.[2]  (*See* CAR 1-2; Dkt. 53-1 Bryson Decl. ¶ 3, Exhibit A.)  Together these actions render Plaintiff's APA claim moot because not only is the challenged January 30, 2017 decision without any effect whatsoever (since being withdrawn), but as of February 28, 2018, DOE determined that only 50% of Plaintiff's student loan debt is legally enforceable. As such, there is no operative administrative wage garnishment decision, and any potential future garnishment would be for debt already determined legally enforceable by DOE in a decision that is not the subject of the instant APA action.

///

///

///

---

of course well within the Secretary's power to moot the case by discharging Ms. Dieffenbacher's loans . . . ." *(See* Pl. Br., Dkt. 38, p. 6, fn. 2)

[2] Since initiating this action in February 2017, Plaintiff never amended her Complaint to allege an APA claim against any DOE decisions that occurred after she initiated this action.  Specifically, Plaintiff does not challenge either the DOE's June 15, 2017 withdrawal of the January 30, 2017 decision, or the February 28, 2018 decision to discharge 50% of Plaintiff's student loan debt.

## IV. CONCLUSION

As set forth herein and in Federal Defendant's April 2, 2018 briefing, Plaintiff's sole APA claim asserted in this action is moot, fails to present any claim over which this Court can exercise jurisdiction, and should be dismissed pursuant to Fed. R. Civ. P. 12(h)(3).

Dated: April 9, 2018

Respectfully submitted,

NICOLA T. HANNA
United States Attorney
DOROTHY A. SCHOUTEN
Assistant United States Attorney
Chief, Civil Division

   /s/
INDIRA J. CAMERON-BANKS
Assistant United States Attorney

Attorneys for Federal Defendant
Betsy DeVos, in her official capacity as Secretary of the United States Department of Education