NICOLA T. HANNA
United States Attorney
DOROTHY A. SCHOUTEN
Assistant United States Attorney
Chief, Civil Division
INDIRA J. CAMERON-BANKS [CBN: 248634]
Assistant United States Attorney
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-2442
Facsimile: (213) 894-7819
E-mail: Indira.J.Cameron-Banks@usdoj.gov

Attorneys for Federal Defendant
Betsy DeVos, in her official capacity as Secretary of the United States Department of Education

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

SARAH DIEFFENBACHER,

Plaintiff,

v.

BETSY DEVOS, in her official capacity as Secretary of the United States Department of Education,

Defendant.

No. CV 5:17-CV-342-VAP (KKx)

**FEDERAL DEFENDANT'S REPLY BRIEF IN SUPPORT OF DISMISSAL**

Hearing Date: April 30, 2018
Hearing Time: 2:00 p.m.
Ctrm: 8A, 8th Floor
Hon. Virginia A. Phillips

Plaintiff Sarah Dieffenbacher's sole claim in this action is that the January 30, 2017 administrative wage garnishment decision made by Department of Education ("DOE") violates the Administrative Procedure Act, 5 U.S.C. § 701 *et seq*, ("APA") because it failed to consider the legal enforceability of her student loan debt. Accordingly, the sole APA claim at issue in this action is moot because DOE already (1) withdrew the challenged garnishment decision in June 2017, and (2) determined that 50% of Plaintiff's student loan debt is legally enforceable.

While Plaintiff is displeased with DOE's recent determination about the legal enforceability of her debt, her displeasure does not (and indeed cannot) render her now moot claim justiciable. Plaintiff never amended the sole APA claim set forth in the Complaint to challenge any other DOE decision other than the withdrawn January 30, 2017 administrative wage garnishment decision. When she initiated the instant action on February 23, 2017, she did not -- and could not -- challenge the DOE decision about the legal enforceability of her student loan debt issued one year later on February 28, 2017.

Currently, Plaintiff has a legally enforceable student loan debt that could only give rise to a future wage garnishment <u>only if</u> Plaintiff chooses to (1) not consolidate her student loans as instructed by DOE in its February 28, 2018 decision[1], and/or (2) not enter into a repayment plan for the student loan debt already deemed to be legally enforceable by DOE.[2] Indeed, any such potential wage garnishment decision would be based on Plaintiff's unwarranted refusal to consolidate and/or enter into a repayment

---

[1] Despite Plaintiff's speculation that consolidating the student loans at issue in this case as instructed by DOE would "jeopardize her ability to pursue her challenge to the legal enforceability of her loans" such consolidation would not preclude Plaintiff from challenging DOE's February 28, 2018 determination regarding the legal enforceability of the loans. (*See* Dkt. 54, Pl. Br. 15-16.)

[2] Given her financial circumstances, Plaintiff may qualify for favorable repayment terms under the repayment plans offered by DOE. *See https://studentaid.ed.gov/sa/repay-loans/understand/plans*

plan for the student loan debt already deemed to be legally enforceable by DOE in the unchallenged February 28, 2018 DOE determination.

In sum, Plaintiff's sole APA claim in this case is moot, and should be dismissed.

Dated: April 17, 2018

Respectfully submitted[3],

NICOLA T. HANNA
United States Attorney
DOROTHY A. SCHOUTEN
Assistant United States Attorney
Chief, Civil Division

    /s/
INDIRA J. CAMERON-BANKS
Assistant United States Attorney

Attorneys for Federal Defendant
Betsy DeVos, in her official capacity as Secretary of the United States Department of Education

---

[3] Undersigned counsel apologizes for the late filing of this reply brief. This is not intended to interpose any improper or unreasonable delay in this action, but is the regrettable result of an unforeseen work obligation requiring lengthy and immediate attention.