# United States District Court
# Central District of California



FILED
CLERK, U.S. DISTRICT COURT

JUN 27, 2018

CENTRAL DISTRICT OF CALIFORNIA
BY: BH DEPUTY

Sarah Dieffenbacher

          Plaintiff,

v.

Betsy DeVos, in her official capacity as Secretary of the United States Department of Education

          Defendant.

EDCV 17-342-VAP (KKx)

**Order GRANTING Plaintiff's Motion for Reconsideration**

**(Doc. No. 65.)**

Before the Court is a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e) filed by Plaintiff Sarah Dieffenbacher ("Plaintiff"), seeking the Court's reconsideration of its conclusion that the case is moot, or in the alternative, that the Court reconsider its decision to dismiss the case with prejudice, rather than with leave to amend. (Doc. No. 65.)

Defendant Betsy DeVos, in her official capacity as the United States Secretary of Education ("Defendant"), filed an Opposition (Doc. No. 66) and Plaintiff filed a Reply (Doc. No. 67).

This matter is suitable for resolution without oral argument pursuant to Local Rule 7-15. (Doc. No. 71.) After considering all papers filed in support of and in opposition to Plaintiff's Motion, the Court rules as follows.

1

## I. BACKGROUND

As the parties are familiar with the factual and procedural history of this case, the Court recounts it only to the extent necessary to resolve the Motion.

On February 23, 2017, Plaintiff filed this suit under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, and the Declaratory Judgment Act, 28 U.S.C. § 2201, to challenge the determination by Defendant that her federal student loans remain legally enforceable and that her wages are subject to administrative garnishment pursuant to 20 U.S.C. § 1095(a).  (Doc. No. 1.) Plaintiff obtained seven Federal Family Educational Loan Program ("FFEL") loans to attend the Paralegal Associate's Degree program at Everest College-Ontario Metro ("Everest"), which she attended from 2007 to 2009.  (Statement of Undisputed Facts ("SUF"), Doc. No. 52-2, ¶¶ 1, 4.)  Plaintiff obtained six federal Direct Loans to attend a criminal justice bachelor's degree program at Everest, which she attended from 2010 to 2012.  (*Id.* ¶¶ 6, 9.)  As a single mother of four children, Plaintiff was drawn to Everest because it advertised a flexible schedule and high job placement rates in the legal profession.  (*Id.* ¶¶ 14-15.)  Plaintiff earned the associate's degree, but did not complete the bachelor's degree once she realized that Everest was "playing her for a fool."  (*Id.* ¶¶ 133-34.)  She withdrew from Everest and never found employment in the legal field.  (*Id.* ¶¶ 138-141.)  Eventually, Plaintiff found employment as a full-time home healthcare phlebotomist.  (*Id.* ¶ 230.)

On October 19, 2016, Educational Management Credit Corporation ("ECMC"), which held Plaintiff's FFEL loans, sent Plaintiff a notice of proposed wage garnishment for three of the FFEL loans she had taken out to enroll in Everest's paralegal program.  (*Id.* ¶ 196.)  On November 2, 2016, Plaintiff,

through counsel, submitted a Borrower Defense to Repayment application to ECMC challenging the proposed wage garnishment. (*Id.* ¶¶ 200-01.) ECMC referred Plaintiff's application to Defendant for adjudication. (*Id.* ¶ 223.)

On January 30, 2017, Defendant issued an Administrative Wage Garnishment Hearing Decision (the "AWG Decision") denying Plaintiff's objections to the legal enforceability of her loans and authorizing wage garnishment. (*Id.* ¶ 224.)

On June 15, 2017, Defendant issued an interim decision withdrawing the AWG Decision. (Administrative Record (Doc. No. 48-2) at 1-2.)

On February 28, 2018, Defendant issued an Adjudication Notice decision, indicating that Defendant approved Plaintiff's claim for forgiveness of her federal student loans under the borrower defense to repayment rule, and that fifty percent of the federal loans Plaintiff received for the two Everest programs of study could be eligible for discharge. (Doc. No. 53-2.)

The parties indicated their intent to resolve the case by cross-motions for summary judgment on the administrative record. (Doc. No. 46.) On April 2, 2018, Plaintiff filed a Motion for Summary Judgment and Defendant filed a Motion to Dismiss. (Doc. Nos. 52 & 53.)

On May 4, 2018, the Court issued an order granting Defendant's Motion to Dismiss and denying as moot Plaintiff's Motion for Summary Judgment. (Doc. No. 63.) In its order, the Court found that the AWG Decision was the "sole basis" upon which Plaintiff sought APA review, and adopted Defendant's reasoning that

Plaintiff "did not – and could not – challenge the DOE decision about the legal enforceability of her student loan debt issued one year later on February 28, 2017. (*Id.* at 19 (citing Doc. No. 57 at 2).) The Court therefore determined that Defendant met her burden of demonstrating that the case was now moot. (*Id.* at 20.) The Court entered judgment in favor of Defendant on the same day. (Doc. No. 64.)

## II.   LEGAL STANDARD

### A.   RECONSIDERATION UNDER RULE 59(E)

"While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (emphasis in original). Moreover, this district's Local Rules provide:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure

4

>to consider material facts presented to the Court before such decision.  No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L.R. 7-18.

"Whether to grant a motion for reconsideration under Local Rule 7-18 is a matter within the court's discretion." *Daghlian v. DeVry Univ., Inc.*, 582 F. Supp. 2d 1231, 1251 (C.D. Cal. 2007).

### B. SUPPLEMENTAL PLEADINGS UNDER RULE 15(D)

Pursuant to Fed. R. Civ. P. 15(d), the Court may "on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Leave of the court is required to serve a supplemental pleading. *Wagner v. Prof'l Eng'rs in Cal. Gov't*, 354 F.3d 1036, 1052 (9th Cir. 2004).

A district court generally has "broad discretion in allowing supplemental pleadings" under Rule 15(d). *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988). Rule 15(d) "is a tool of judicial economy and convenience. Its use is therefore favored." *Id.*  Leave to supplement should be freely given "in the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962)

The goal of Rule 15(d) is to promote judicial efficiency. *Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997). Courts should assess "whether the entire controversy between the parties could be settled in one action...." *Id.* (quoting 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1506 (1990)). Leave to permit supplemental pleading is "favored." *Id.* (citing *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988)).

### III.   DISCUSSION

Plaintiff argues that the Court failed to consider material facts in two ways. (Mot. at 12.) First, Plaintiff claims the Court ignored evidence that notwithstanding the withdrawal of the AWG Decision, that ECMC retains the ability to garnish Plaintiff's wages, and that the AWG Decision may have a preclusive effect on Plaintiff's Borrower Defense Adjudication; second, she contends that the Court ignored material facts demonstrating that an amended complaint could resolve the Court's concerns regarding mootness. (*Id.*)

In her Opposition, Defendant does not meaningfully dispute that the wage garnishment order continues to exist and that the AWG Decision, though withdrawn, may preclude Plaintiff from receiving full debt relief. (Opp'n at 2-3.) Defendant contends that it would be procedurally improper for Plaintiff to amend her complaint after judgment was entered, given that Plaintiff never requested leave to amend during the fourteen months this action was pending. (*Id.* at 3.)

The Court reiterates its finding in its earlier order that based on the operative Complaint, the case is moot. The facts raised by Plaintiff in her Motion do not alter this conclusion. Nevertheless, in its discretion, and in the interests of

justice and judicial economy, the Court will reopen the judgment entered in favor of Defendant and allow Plaintiff to file an amended complaint.

First, the Court finds that Plaintiff has satisfied her burdens under Rule 59(e) and Local Rule 7-18.  Plaintiff has demonstrated that the Court erred in dismissing the case with prejudice rather than with leave to amend.  The facts raised by Plaintiff in her Motion show that she would be able to cure the jurisdictional defects noted by the Court in its previous order and thus, that amendment would not be futile.  (*See* Mot. at 17-19.)  Dismissal with prejudice was therefore improper.  *Carolina Cas. Ins. Co. v. Team Equipment, Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014) (reversing the district court's dismissal with prejudice where the district court "did not conclude that amendment would be futile, nor did it give any reason that might support such a conclusion" and "[t]he defects in the original complaint were not of a kind that were uncorrectable.").

Second, the Court finds that leave to supplement under Rule 15(d), which permits parties to supplement their complaint with "new claims, new parties, and allegations regarding events that occurred after the original complaint was filed," would be appropriate here.  There is no evidence of bad faith, undue delay[1], or dilatory motive on Plaintiff's part, as this is her first time seeking leave to amend.  Nor would there be any prejudice to Defendant.  Plaintiff has indicated that she is not precluded from bringing a separate case challenging Defendant's Adjudication Notice decision "and has every intent to do so."  (Mot. at 20.)  For

---

[1] Defendant points out that there was a significant delay before Plaintiff requested leave to amend.  (Opp'n at 2.)  Although the Court does not look favorably upon this delay, the delay in itself is not a sufficient reason to deny Plaintiff leave to amend in light of the other grounds raised in her Motion.

the Court to permit Plaintiff leave to supplement under Rule 15(d) in this case would thus "avoid the cost, delay, and waste of [a] separate action[]." *Keith*, 858 F.2d at 473.

Finally, the Court notes that Plaintiff's failure to seek leave to supplement before the Court entered judgment does not bar her from seeking leave to supplement at this juncture. Under Rule 59(e), the Court has the authority and discretion to vacate its earlier judgment in this case, and under Rule 15(d), the Court may grant Plaintiff leave to supplement her complaint. *See, e.g.*, *Hutson v. United States*, Nos. CV 08-2335-JFW, CR 04-11-JFW, 2008 WL 4911229, at *1 (C.D. Cal. Nov. 14, 2008).

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiff's Motion for Reconsideration and VACATES the May 4, 2018 Order and Judgment dismissing this case with prejudice. Plaintiff must file her amended complaint no later than July 16, 2018.

**IT IS SO ORDERED.**

Dated: 6/27/18

Virginia A. Phillips
Chief United States District Judge