DEANNE B. LOONIN (SBN 156733)
dloonin@law.harvard.edu
EILEEN M. CONNOR (SBN 248856)
econnor@law.harvard.edu
TOBY R. MERRILL (*Pro Hac Vice*)
tomerrill@law.harvard.edu
JOSHUA D. ROVENGER (*Pro Hac Vice*)
jrovenger@law.harvard.edu
LEGAL SERVICES CENTER OF
HARVARD LAW SCHOOL
122 Boylston Street
Jamaica Plain, MA 02130
Tel.: (617) 390-3003
Fax: (617) 522-0715
ROBYN C. SMITH (SBN 165446)
rsmith@lafla.org
LEGAL AID FOUNDATION OF LOS ANGELES
5228 Whittier Blvd.
Los Angeles, CA 90022
Tel.: (213) 640-3906
Fax: (213) 640-3911

*Attorneys for Plaintiff*
SARAH DIEFFENBACHER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH DIEFFENBACHER,<br><br>*Plaintiff*,<br><br>v.<br><br>BETSY DEVOS, in her official capacity as Secretary of the United States Department of Education,<br><br>*Defendant*. | Case No.: 5:17-cv-00342-VAP-KK<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO DEEM FACTS IN PLAINTIFF'S FIRST AMENDED COMPLAINT ADMITTED**<br><br>Hearing Date:   September 10, 2018<br>Hearing Time:   2:00 p.m.<br>Ctrm:           8A<br>Hon.:           Virginia A. Phillips |

**TO THE HONORABLE COURT AND TO ALL PARTIES:**

PLEASE TAKE NOTICE that on September 10, 2018, at 2:00 p.m. or as soon thereafter as this matter may be heard in the above-titled Court located at 350 West 1st Street, Los Angeles, California, 90012, Plaintiff Sarah Dieffenbacher will move this Court, pursuant to Fed. R. Civ. P. 8(b)(6) and Fed. R. Civ. P. 15(a)(3) to deem all facts in Plaintiffs' unopposed First Amended Complaint admitted, ECF No. 73, and to set an expedited deadline for Defendant to file the administrative record.

This motion is made upon this Notice, the attached Memorandum of Points and Authorities, documents already on record with the Court in this action, and upon such oral argument as may be presented at the hearing of this motion.

This motion is made following the conference of counsel.

Dated:  August 7, 2018

                            Respectfully submitted,

                            */s Joshua D. Rovenger*
                            Eileen M. Connor
                            Deanne B. Loonin
                            Toby R. Merrill
                            Joshua D. Rovenger

                            LEGAL SERVICES CENTER OF HARVARD LAW SCHOOL
                            122 Boylston Street
                            Jamaica Plain, MA 02130
                            Tel.: (617) 390-3003
                            Fax: (617) 522-0715

                            Robyn C. Smith
                            LEGAL AID FOUNDATION OF LOS ANGELES
                            5228 Whittier Blvd.
                            Los Angeles, CA 90022

Tel.: (213) 640-3906
Fax: (213) 640-3911

*Attorneys for Plaintiff Sarah Dieffenbacher*

For over three years, Plaintiff Sarah Dieffenbacher has challenged the enforceability of federal student loans that she used to attend a Corinthian College program from which she received negative value. On July 16, 2018, she filed a First Amended Complaint reasserting that challenge and seeking a declaration that her loans are unenforceable. Dkt. No. 73. Despite refusing to fully discharge this unlawful debt, and despite her consistent attempts to escape judicial review, Defendant Betsy DeVos is now choosing to simply ignore Plaintiff's pleas. Indeed, Defendant's response to Plaintiff's amended complaint was due on July 30, 2018, Fed. R. Civ. P. 15(a)(3), but Defendant has failed to file anything.

The Court should not countenance Defendant's failure to comply with the rules and should instead issue an order deeming all facts in Plaintiff's First Amended Complaint admitted. *First,* the facts are considered admitted under the Federal Rules of Civil Procedure which state that "an allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6). *Second*, Defendant has routinely ignored procedural rules in this litigation. *Finally*, a substantial number of facts in the amended complaint were undisputed at summary judgment, and thus an order deeming the remaining facts admitted would constitute a mild rebuke of Defendant.

## BACKGROUND

As this Court is familiar with the background of this dispute, Ms. Dieffenbacher will address only the most pertinent facts and procedural history here.

On February 23, 2017, Plaintiff filed this suit against Betsy DeVos, in her official capacity as Secretary of the Department, ("Defendant") pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, and the Declaratory Judgment Act, 28 U.S.C. § 2201, to challenge a January 30, 2017 final administrative wage garnishment decision ("January 2017 decision") denying Plaintiff's objections to the legal enforceability of her student loans and authorizing wage garnishment. *Id.* at 12.

On April 2, 2018, Plaintiff filed a motion for summary judgment. *See* Doc. Nos. 49, 52. The same day, Defendant filed a motion to dismiss under Fed. R. Civ. P. 12(h)(3). Doc. No. 53.  On May 4, 2018, the Court granted Defendants' Motion to Dismiss with prejudice.  Doc No. 63.

Plaintiff asked the Court to reconsider its decision on May 21, 2018.  Doc. No. 65.  On June 27, 2018, the Court granted that motion because "Plaintiff has demonstrated that the Court erred in dismissing the case with prejudice rather than leave to amend."  Doc. No. 72 at 7.  The Court accordingly ordered Plaintiff to "file her amended complaint no later than July 16, 2018," *id.* at 8, and she did so, Doc. No. 73.  Defendant's deadline to file a responsive pleading was July 30, 2018. Fed. R. Civ. P. 15(a)(3). Defendant neither requested an extension for her responsive pleading nor filed anything with the Court.  When Plaintiff notified Defendant of her intent to file this motion, Defendant represented to counsel that she did not plan to file an answer until at least next week, and she did not seek consent on a motion *nunc pro tunc* for an extension of time to file an answer.

### THE COURT SHOULD DEEM ALL FACTS IN PLAINTIFF'S FIRST AMENDED COMPLAINT ADMITTED

The Federal Rules of Civil Procedure are clear: "Unless the court orders otherwise, any required response to an amended pleading *must* be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later."  Fed. R. Civ. P. 15(a)(3) (emphasis added).  The Rules also state that "[a]n allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6).   Here, the Defendant has failed to deny the factual allegations in the following paragraphs: 1-11, 15-16, 42, 45-46, 48, 53-55, 57-58, 69-231.  The Court should accordingly deem these facts admitted.

*First*, by operation of the federal rules, these facts are now admitted. *See*, *e.g.*, *Henricks v. Pickaway Correctional Instit.*, No. 2:08-CV-580, 2016 WL 4705647 at

*4 (S.D. Ohio Sept. 8, 2016) (granting a motion in limine to preclude defendants from offering evidence denying facts that had been deemed admitted under Rule 8(b)(6) by failing to answer the complaint); *Gomez v. United States*, No. 09-22148-civ, 2010 WL 3834211 (S.D Fla. Sept. 28, 2010) (granting, in part, a motion to deem certain allegations admitted because they were not expressly denied in the complaint); *see also Burlington N. R. Co. v. Huddleston*, 94 F.3d 1413, 1415 (10th Cir. 1996) ("By failing to submit an answer or other pleading denying the factual allegations of Plaintiff's complaint, Defendant admitted those allegations, thus placing no further burden on Plaintiff to provide its case factually"). As this Court has stated, "Rule violations aren't taken lightly," as the Rules were "designed to further the due process of law that the Constitution guarantees," and "neither the federal courts nor the parties have any more discretion to disregard their mandates than they do to disregard constitutional or statutory provisions." *State Comp. Ins. Fund v. Capen*, No. SACV1501279AGJCGX, 2016 WL 9083270, at *1–2 (C.D. Cal. Dec. 16, 2016) (internal quotation marks and citations omitted). This is particularly true when dealing with a rule that uses mandatory language, such as Rule 15(a)(3).

  *Second*, this order is appropriate in light of Defendant's past litigation conduct. For example, the Defendant disregarded her deadline to file her reply to her motion to dismiss and she did not request additional time to file that reply. Instead, she filed the brief late with "apologizes for the late filing of this reply brief." Dkt. No. 57 at 2. And, Defendant has engaged in "both frivolous" and "bad faith" litigation tactics to "evade judicial review." Dkt. No. 31 at 6-7. These violations are not without cost; Plaintiff's invalid loans are back in repayment and she is prejudiced by the continued delay in resolving the underlying merits of her claim. Absent any consequences for her actions, the Defendant is likely to persist in her misconduct at Plaintiff's expense.

*Finally*, the requested order is a mild consequence for Defendant's actions. At summary judgment in this case, Defendant did not oppose (and thus admitted) all of Plaintiff's Statement of Undisputed Facts. Dkt Nos. 52-2 & 56. Specifically, the following allegations in Plaintiff's First Amended Complaint were either conceded by Defendant or were adopted by the Court in its Order: 69-146, 156-58, 160-63, 167, 172-76, 180, 182, 184, 189-95. There are only a limited number of additional facts that required a response that are new and should now be deemed admitted. Given the number of facts that are already admitted in this case, the Court's order would constitute a relatively minor response to the Defendant's conduct.

## CONCLUSION

Ms. Dieffenbacher seeks a speedy resolution on the merits of her claim. Yet, the Defendant continues to stand in the way of an orderly resolution of this dispute. The Court should not permit Defendant to continually disregard this Court's rules and should therefore deem all facts in Plaintiff's First Amended Complaint admitted and set an expedited deadline for Defendant to file the administrative record.

Dated: August 7, 2018

Respectfully submitted,

/s *Joshua D. Rovenger*
Eileen M. Connor
Deanne B. Loonin
Toby R. Merrill
Joshua D. Rovenger

LEGAL SERVICES CENTER OF
HARVARD LAW SCHOOL
122 Boylston Street
Jamaica Plain, MA 02130
Tel.: (617) 390-3003
Fax: (617) 522-0715

Robyn C. Smith
LEGAL AID FOUNDATION OF
LOS ANGELES
5228 Whittier Blvd.
Los Angeles, CA 90022
Tel.: (213) 640-3906
Fax: (213) 640-3911

*Attorneys for Plaintiff Sarah Dieffenbacher*